PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
HADDY ABOUZEID
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:24-MC-00379-DJC-SCR |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $32,200.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     On November 7, 2023, inspectors with the U.S. Postal Inspection Service ("USPIS") executed a federal search warrant on a parcel sent from New York to California and seized Approximately $32,200.00 in U.S. Currency (hereafter the "defendant currency").

2.     The United States represents that in August 2023, the USPIS began investigating a suspected drug trafficking operation through the United States mail system, sending packages of drugs and cash between Sacramento, California and cities on the East Coast.  They identified several addresses in New York and Sacramento, California that were associated with prior USPIS seizures of methamphetamine in parcels sent through the U.S. Mail.

3.     The United States represents that in October 2023, while reviewing U.S. Postal Service ("USPS") business records, law enforcement identified several addresses in New York and Sacramento

1

that were regularly receiving heavy package traffic through the U.S. mail, and these packages contained several anomalies characteristic of parcels containing controlled substances, including return addresses disassociated to the sender's name, heavy taping on the seams of the parcels, and misspelled names.  That same day, law enforcement obtained surveillance video of the individual who mailed these parcels from the greater Sacramento area, who was later identified as Anthony Coates ("Coates" or "claimant").  Law enforcement obtained surveillance video of the individual who mailed these parcels from the greater Sacramento area and identified that individual as Coates.

4.     The United States represents that on November 3, 2023, while reviewing USPS business records, law enforcement identified a suspicious parcel that it believed was connected to the suspect packages mailed between New York and California.  The package was detained and upon visual and physical examination of this parcel, law enforcement noticed several anomalies, including that the return label was identical to previous parcels, addressed to "Anthony Coate" at an address in Sacramento to which Coates has no association.  The detained parcel was presented to a dog trained to alert to the presence of narcotics, and the trained drug dog positively alerted to the presence of the odor of narcotics on the package.

5.     The United States represents that on November 7, 2023, law enforcement executed a search warrant on the parcel.  The parcel contained $32,200.00 in cash concealed inside multiple layers of plastic and heat-sealed packaging.

6.     The United States represents that USPS business records for the package corresponded to telephone number 279-465-1074, a number that had twice called the USPS hotline seeking information about the parcel—on November 8, 2023, at approximately 2:01 PM, and November 9, 2023, at approximately 1:40 PM.  When customers call the USPS customer service hotline, they must enter the tracking number of the parcel they seek information on, and the individual who called entered the tracking number of the parcel containing the $32,200.00 in cash.  On November 15, 2023, law enforcement spoke with Coates' assigned probation officer from the Sacramento County Sheriff's Office. The officer provided law enforcement with the phone number 279-465-1074 as Coates' provided contact number.  The officer also stated he had been communicating with Coates using that phone number for the previous 90 days.

7.      On May 16, 2024, an Indictment was filed in the Eastern District of California charging Anthony Coates with two counts of Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1).  Coates entered an open plea to both counts of distribution of methamphetamine in the Indictment on September 17, 2024, and agreed to sign a Stipulation for Consent Judgment of Forfeiture forfeiting his right, title, and interest in the defendant currency.

8.      The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9.       Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Coates relinquished any claim he may have to the defendant currency, and believes no other person or entity has any legitimate claim of interest therein.

10.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.      The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2.      Upon entry of this Consent Judgment of Forfeiture, all right, title, and interest of Anthony Coates in the Approximately $32,200.00 in U.S. Currency, plus all accrued interest, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3.      The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final

Consent Judgment of Forfeiture

release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

4.      No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

5.      All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED

DATED:  September 27, 2024

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

4